[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 19, 2009
THOMAS K. KAHN
CLERK

No. 09-10260
Non-Argument Calendar

_____

Agency No. A099-538-291

ZHEN DE CHEN,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 19, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Zhen De Chen, a native and citizen of the People's Republic of China, seeks review of the Board of Immigration Appeals' final order dismissing his appeal from the immigration judge's decision denying his application for asylum, withholding of removel, and CAT relief. Chen contends that substantial evidence does not support the BIA's adverse credibility determination and that if he returns to China, he will be jailed and tortured because of his involvement in Catholic religious activities.

The BIA issued its own opinion in this case, so we will review only the BIA's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review credibility determinations under the substantial evidence test, and we may not substitute our judgment for the BIA's with respect to credibility findings. See Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (citation and internal quotation omitted). We will not reverse a finding of fact by the BIA unless the record compels it. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Evidence in the record that may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Id.

At his hearing before the IJ, Chen repeatedly testified that he lived at 425 West Town Place, #110, St. Augustine, Florida. On cross-examination, he testified that he had been living at that address since he came to the United States. When the government asked if he owned or rented that place, he replied that it was his relative's place, and he did not pay rent. The government asked him why the internet showed that the address belonged to a Chinese restaurant rather than a place of residence, and Chen indicated that his mail came to that address. The IJ then questioned Chen about where he really lived and where he slept. Chen replied that slept at his cousin's, but he explained that he had testified about living at the restaurant address because his mail came there, and he did not know the address of his cousin's place. On re-direct Chen's attorney asked him whether "in [his] mind, residing place and mailing place, are the same or different," and he answered, "It's different."

The IJ found that Chen's testimony about where he lived was not credible and that even if he were found to be credible, he had failed to show that he had faced past persecution or had a well-founded hear of future persecution based on his religion. Chen appealed that decision, and the BIA determined that because Chen had testified falsely about his address, the IJ's credibility determination was not clearly erroneous. Based on its own review of the record, the BIA also noted that there were inconsistencies in Chen's testimony about the date an alleged raid

3

took place on his unsanctioned church and the number of church members arrested in that raid.[1]  Furthermore, the BIA observed that there were contradictions between Chen's testimony about certain letters he submitted into evidence and the actual letters.  Under a totality of the circumstances credibility analysis, the BIA concluded that Chen was not a credible witness and that he had not met his burden of proof for asylum, withholding of removal, or CAT relief.

Chen contends that his testimony about his address was insufficient evidence to support the BIA's credibility decision because his address did not have any bearing on his claims for relief; he used the address because it would be easier to receive mail there; and he did not understand the distinction between a mailing address and a residence.  Adverse credibility is assessed in light of the totality of the circumstances and may be based on inaccuracies or falsehoods that do not "go[] to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  An applicant's testimony, if credible, may carry the burden of proof for asylum without corroboration.  8 C.F.R. § 208.13(a).  "Conversely, an adverse credibility

---

[1] Chen argues that the BIA's consideration of that evidence constituted an impermissible de novo review of the IJ's adverse credibility finding because the IJ did not rely on that evidence as grounds for its decision.  A clear error standard of review not only permits a court to review the entire record, it requires a court to do so.  See United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); see also Hale Container Line, Inc. v. Houston Sea Packing Co., 137 F.3d 1455, 1474 (11th Cir. 1998).  Here, the BIA did not engage in a de novo review but instead reviewed the record as a whole and concluded that the IJ's adverse credibility determination was not clearly erroneous.

determination alone may be sufficient to support the denial of an asylum application." Forgue, 401 F.3d at 1287. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA]'s credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287.

Chen repeatedly provided incorrect information about where lived, even though he testified that he understood the difference between a mailing address and a residence. That testimony, coupled with additional inconsistencies between Chen's testimony and the evidence he submitted, formed the basis of the BIA's specific, cogent reasons in support of its adverse credibility determination. See Forgue, 401 F.3d at 1287. The BIA's denial of asylum is supported by substantial evidence on the record considered as a whole. See id. at 1286. Because Chen "has failed to establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal or protection under CAT." Id. at 1288 n.4.

**PETITION DENIED.**

5